UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| METTE J. FORDAN, ET AL.,<br><br>   Plaintiffs,<br><br>  v.<br><br>SAN FRANCISCO STATE UNIVERSITY, et al.,<br><br>   Defendants. | Case No. 17-cv-02949-JCS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

## I. INTRODUCTION

  Plaintiffs Mette J. Fordan ("Ms. Fordan") and her husband Barry L. Fordan ("Mr. Fordan") bring this suit under 42 U.S.C. § 1983 against Defendants San Francisco State University ("SFSU"), Leslie E. Wong, Ph.D., ("Dr. Wong"), and Douglass W. Bailey, Ph.D., ("Dr. Bailey"). Plaintiffs allege that Defendants violated their civil rights by leading Ms. Fordan to believe a master's program at SFSU would take two to three years to complete when, in fact, Ms. Fordan was unable to finish during the four years she was enrolled at SFSU due to the actions of Defendants. Defendants now bring a Motion to Dismiss ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of all of Plaintiffs' claims on the grounds that: (1) Plaintiffs' claims are barred under the doctrine of claim preclusion; (2) Plaintiffs' claims are untimely; and (3) Plaintiffs have failed to plead any viable claim under 42 U.S.C. § 1983. The Court held a hearing on the Motion on Friday, November 3 at 9:30 a.m. For the reasons explained below, the Motion is GRANTED.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II.     BACKGROUND

### A.     Complaint

#### 1.  Factual Allegations

Plaintiffs allege that they are married and that Ms. Fordan was enrolled at SFSU between August 23, 2010 and May 31, 2014.  Complaint ¶ 13.  With respect to Dr. Bailey, Plaintiffs contend that Dr. Bailey is a professor in the Department of Anthropology at SFSU and served as Chair of the Department of Anthropology from August of 2008 until May of 2011.  *Id.* ¶¶ 11, 178.  Plaintiffs further allege that Dr. Bailey was Ms. Fordan's graduate thesis advisor.  *Id.* ¶ 11.  With respect to Dr. Wong, Plaintiffs allege that Dr. Wong is the current President and Chief Executive of SFSU.  *Id.* ¶ 10.

Plaintiffs allege that Ms. Fordan, after working in business for several years, "greatly desired to continue pursuing a life-long dream of a career in Anthropology/Archaeology."  *Id.* ¶ 21.  According to Plaintiffs, Ms. Fordan met with Professor Ian Hodder, Ph.D., who advised her to obtain a master's degree before applying for admission to a doctoral program and suggested that she contact Dr. Bailey at SFSU.  *Id.* ¶ 22.  After engaging in email correspondence and meeting with Dr. Bailey in person, Ms. Fordan was accepted to pursue a master's degree in the Department of Anthropology at SFSU.  *Id.* ¶¶ 23-27.  She was a full-time graduate student in that program between August 23, 2010 and May 31, 2014.  *Id.* ¶ 27, 13.  Plaintiffs allege that Dr. Bailey served as Ms. Fordan's graduate thesis advisor while enrolled at SFSU.  *Id.* ¶ 11.

Plaintiffs allege that Ms. Fordan obtained an Unsubsidized Stafford Graduate Student Loan ("Loan") with a "financing protocol of two (2) to three (3) years, maximum."  *Id.* ¶ 128.  According to Plaintiffs, the United States Department of Education is the underwriter of the Loan, and Great Lakes Higher Education and Affiliates Corporation is a loan servicing company.  *Id.* ¶ 2.  Plaintiffs contend that the United States Department of Education as well as Great Lakes Higher Education and Affiliates Corporation "requested and utilized" Mr. Fordan's financial information in calculating Ms. Fordan's repayment plan of the Loan, which "elevated" Ms. Fordan's monthly repayment amount.  *Id.* ¶ 14.  Plaintiffs allege that Ms. Fordan intended to complete the master's program at SFSU within the two to three year duration of the Loan and that

SFSU's 2010 Graduate Student Handbook "calls for a two (2) year Masters Program." *Id.* ¶128. Plaintiffs allege that the United States Department of Education "expected" Ms. Fordan to graduate by May of 2013. *Id.* at ¶ 110.

Plaintiffs allege that while Ms. Fordan was writing her thesis for the master's program, Dr. Bailey "create[d] a 'Star Chamber' process" by "continually 'moving the goal posts'" and "appearing less concerned with meeting the May graduation date than in providing methods or undertaking action NOT to meet a May graduation." *Id.* ¶ 105. Plaintiffs allege that Ms. Fordan submitted her "Final Thesis Draft" on April 4, 2013. *Id.* ¶ 120. Plaintiffs allege Dr. Bailey emailed Ms. Fordan on April 9, 2013, informing her that her Master's Thesis Committee had concluded that her draft did not meet the requirements for a master's thesis at SFSU. *Id.* ¶ 121. Plaintiffs allege that Ms. Fordan's third academic year in the master's program at SFSU concluded on May 31, 2013 and that the Loan "maxed out at three (3) years." *Id.* ¶ 128. Plaintiffs allege that Dr. Bailey "requir[ed Ms. Fordan] to attend at least one (1) more Semester to complete the two (2) year [master's] program in Anthropology." *Id.* ¶ 128. Plaintiffs allege that Ms. Fordan submitted the "Final Draft" of her Master's thesis via email on October 1, 2013. *Id.* ¶ 135. Plaintiffs allege that Dr. Bailey rejected the Final Draft via email on October 6, 2013. *Id.* ¶ 136.

According to Plaintiffs, Dr. Bailey rejected the "Final Draft" of Ms. Fordan's master's thesis "WITHOUT the full [Master's Thesis] Committee, which included [Dr. Marianna Ferreira, Ph.D., Professor of Anthropology at SFSU ("Dr. Ferreira")] ever meeting." *Id.* ¶ 137. Plaintiffs allege that on November 12, 2013 Ms. Fordan emailed Dr. Bailey, informing him that "this is now a legal matter." *Id.* ¶ 140. Plaintiffs contend that Dr. Ferreira called Ms. Fordan and told her Dr. Bailey had stated to Dr. Ferreira that Ms. Fordan had a total of seven years to complete her Master's thesis. *Id.* ¶ 142.

Plaintiffs allege that Dr. Peter Biella, Ph.D., Professor, Department of Anthropology at SFSU ("Dr. Biella"), took over from Dr. Bailey the position of Chair of the Department of Anthropology as of August of 2011 and held that position through "at least" May of 2014. *Id.* ¶ 178. Plaintiffs allege that Dr. Bailey and Dr. Biella "were extremely close professionally and in close communication." *Id.* Plaintiffs allege that on January 4, 2017, Ms. Fordan read a review of

Dr. Biella on the website "RateMyProfessor.com" and "learned of [Dr.] Biella's seven (7)-year Masters Program for [Dr.] Biella's Graduate Student." *Id.* ¶ 161. Plaintiffs allege that "[t]he mere fact that two (2) Graduate Students in the [Masters] Program . . . were each placed on a seven (7) year Masters Program . . . supports the collaboration and culpability in violations of Law . . . in dealing with selected Graduate Students in the Department of Anthropology." *Id.* ¶ 180.

### 2. Claims

Plaintiffs assert three claims in their Complaint: 1) "Violation of Civil Rights by Deprivation of Rights: Deceit, Deceit by Collaboration; Deceit by Concealment;" 2) "Violation of Civil Rights by Deprivation of Rights: Interference and Alteration of the Financial Commerce Between Plaintiff, the United States Department of Education, Defendant SFSU, and Defendant SFSU's Office of Financial Aid;" and 3) "Violation of Civil Rights by Deprivation of Rights: Denial of Equal Protection of Rights." Plaintiffs asserted all claims in this action against all Defendants in this action. Plaintiffs seek compensatory and punitive damages as well as prejudgment interest and contend that all Defendants are jointly and severally liable.

### a. Violation of Civil Rights by Deprivation of Rights: Deceit, Deceit by Collaboration; Deceit by Concealment

Plaintiffs' first claim purports to be asserted under 42 U.S.C. § 1983 based on violations of California law, namely California Civil Code sections 1427-28[2], 1430-31[3], 1571-75[4], 1709-10[5],

---

[2] Section 1427 defines an obligation as "a legal duty, by which a person is bound to do or not to do a certain thing." Cal. Civ. Code § 1427. Section 1428 states that "an obligation arises either from . . . [t]he contract of the parties . . . or [t]he operation of law." Cal. Civ. Code § 1428.
[3] Section 1430 states that "[a]n obligation imposed upon several persons, or a right created in favor of several persons, may be joint; several; or joint and several." Cal. Civ. Code § 1430. Section 1431 provides that "[a]n obligation imposed upon several persons, or a right created in favor of several persons, is presumed to be joint, and not several, except as provided in [s]ection 1431.2, and except in the cases mentioned in the title on the interpretation of contracts." Cal. Civ. Code § 1431. Section 1431 further states that "[t]his presumption, in the case of a right, can be overcome only by express words to the contrary." *Id.*
[4] Section 1571 defines "fraud" as being either "actual or constructive." Cal. Civ. Code § 1571. Section 1572 defines "actual fraud" as "consist[ing] in any of the following acts, committed by a party to the contract, or with his connivance, with the intent to deceive another party thereto, or to induce him to enter into the contract: (1) [t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) [t]he positive assertion, in a manner not warranted by the information of the person making it, of which is not true, though he believes it to be true; (3) [t]he suppression of that which is true, by one having knowledge or belief of the fact; (4) [a] promise made without any intention of performing it; or, (5) [a]ny other act fitted to deceive."

2306[6], and 2313.[7]  *Id.* ¶ 194.  In support of their first claim, Plaintiffs allege that Dr. Bailey "made a false representation of a matter of fact" and that Dr. Bailey "intended to deceive" Plaintiffs when he "placed" Ms. Fordan in a seven-year master's program "when, in fact, no such seven (7) year Program existed, as the Masters Programs offered by Defendent SFSU and financed through Defendant SFSU's Office of Financial Aid and underwritten by the United States Department of Education were all two (2) to three (3) year programs."  *Id.* ¶¶ 164-165; s*ee also id.* ¶ 172. Plaintiffs allege that Dr. Bailey "used 'comments' as a pretext, rationale, and ruse for [his] refusal to approve and sign [Ms. Fordan's] Masters Thesis Drafts and extend [Ms. Fordan's] Masters Program to seven (7) years."  *Id.* ¶ 184.  Plaintiffs allege that Dr. Bailey was aware of Ms. Fordan's desire to pursue a career in anthropology and archaeology, that Ms. Fordan expressed her concern for "expediency in completing the Masters Program" at SFSU "in anticipation of moving on to the Doctorate Degree at another University," and that she wanted to conserve a portion of the Loan funds for such a purpose.  *Id.* ¶ 177.  Plaintiffs allege that Dr. Bailey gave Ms. Fordan "cause to believe the [Masters] program would be two (2) to three (3) years"  in duration as well as "false hope" that she could graduate from the master's program by April 2013 and later by October

Cal. Civ. Code § 1572.  Section 1573 defines "constructive fraud" as "consist[ing] (1) [i]n any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or (2) [i]n any such act or omission as the law specially declares to be fradulent, without respect to actual fraud."  Cal. Civ. Code § 1573.  Section 1574 states that "[a]ctual fraud is always a question or fact."  Cal. Civ. Code § 1574.  Section 1575 defines "undue influence" as "consist[ing] (1) [i]n the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him; (2) [i]n taking an unfair advantage of another's weakness of mind; or (3) [i]n taking a grossly oppressive and unfair advantage of another's necessities or distress."  Cal. Civ. Code § 1575.
[5] Section 1709 states that "[o]ne who wilfully deceives another with intent to induce him to alter his position to his injury or risk . . . is liable for any damage which he thereby suffers."  Cal. Civ. Code § 1709.  Section 1710 defines "deceit" as being "either (1) [t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) [t]he assertion, as a fact, of what which is not true, by one who has no reasonable ground for believing it to be true; (3) [t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) [a] promise, made without any intention of performing it."  Cal. Civ. Code § 1710.
[6] Section 2306 states that "[a]n agent can never have authority, either actual or ostensible, to do what an act which is, and is known or suspected by the person with whom he deals, to be a fraud upon the principal."  Cal. Civ. Code § 2306.
[7] Section 2313 provides that "[n]o authorized act can be made valid, retroactively, to the prejudice of third persons, without their consent."  Cal. Civ. Code § 2313.

2013, even though Dr. Bailey intended to extend Ms. Fordan's master's program from a period of two to three years to seven years. *Id.* ¶¶ 182, 183, 188. Plaintiffs further allege that Dr. Bailey's "deceit was planned, in collaboration with [Dr. Biella]" in violation of California Civil Code sections: 1427, 1428, 1430, 1431, 1571-75, 1709-10, 2306, and 2313. *Id.* ¶ 194. Based on these alleged violations of California state law, Plaintiffs assert this claim under 42 U.S.C. § 1983.

b. Violation of Civil Rights by Deprivation of Rights: Interference and Alteration of the Financial Commerce Between Plaintiff, the United States, Department of Education, Defendant SFSU, and Defendant SFSU's Office of Financial Aid

This claim, like the first claim, is asserted under 42 U.S.C. § 1983. It is based on an alleged violation of Article I, Section 8, Clause 3 of the United States Constitution ("Commerce Clause"). In support of their second claim, Plaintiffs allege that Dr. Bailey "interfered with and obstructed the Regulation of Interstate Commerce" between the United States Department of Education, Plaintiff, and SFSU's Office of Financial Aid by altering the terms of the Loan from a period of two to three years to seven years. *Id.* ¶ 196. Plaintiffs allege that Dr. Bailey's "statements and actions extended, without just cause, [Ms. Fordan's Masters] Program by two (2) additional semesters," which caused Ms. Fordan "to utilize a greater loan amount than would have been, otherwise, necessary and/or required" and "increased interest accruement costs" associated with the Loan. *Id.* ¶ 200. Plaintiffs allege that Dr. Bailey's actions "created for [Ms. Fordan] a jeopardy by a higher repayment schedule rate" that put Plaintiffs at risk for default. *Id.* ¶ 201. Plaintiffs further allege that Dr. Bailey "placed Plaintiffs at future financial risk" by "interference and alteration" of the terms of the Loan from a period of two to three years to seven years. *Id.* ¶ 202.

c. Violation of Civil Rights by Deprivation of Rights: Denial of Equal Protection of Rights

Plaintiffs also assert their third claim under 42 U.S.C. § 1983 based on an alleged violation of the Fifth and Fourteenth Amendments of the United States Constitution as well as other statutes. *Id.* ¶ 210. In support of their third claim, Plaintiffs allege that Dr. Bailey's actions described above, namely, Dr. Bailey's placement of Ms. Fordan in a seven year master's program

as opposed to a two to three year master's program, denied Ms. Fordan "Equal Protection of the Law as pertaining to all other United States Department of Education Unsubsidized Stafford Graduate Student Loan recipients in the Anthropology Department." *Id.* ¶ 204. Plaintiffs allege that Dr. Bailey and SFSU created a "'separate and unequal' pathway to the Master's Degree as compared to all other Masters candidates" at SFSU and at other academic institutions. *Id.* ¶ 206. Plaintiffs further allege that Defendants violated the following provisions of and regulations concerning the Higher Education Act: 20 U.S.C. §§ 1018, 1019(a), 1019(b),1075, 1077, 1078-8, 1080, 1080(a), 1082, 1083(a), and 1091(a); 34 C.F.R. 601.10(a)(1)(i), 601.10(c). *Id.* ¶ 210.

### d. Liability of SFSU and Dr. Wong

To the extent that Plaintiffs assert the three claims described above, they seek to hold SFSU and Dr. Wong liable based on Dr. Bailey's actions. *Id.* ¶ 229. Plaintiffs do not allege any independent conduct on the part of SFSU and Dr. Wong as a basis for liability. With respect to SFSU, Plaintiffs allege that "SFSU is lawfully responsible, as an educational institution and a business, to ensure that its employees comply with the Laws of the State of California and the United States." *Id.* ¶ 229. Additionally, Plaintiffs allege that SFSU is liable under a respondeat superior theory of liability for Dr. Bailey's alleged conduct. *Id.* Plaintiffs seek to impose liability on Dr. Wong on the basis that he is "responsible for oversight" to ensure that all SFSU employees comply with state and federal law. *Id.* ¶ 230. Plaintiffs further allege that Dr. Wong is liable under a theory of respondeat superior liability for Dr. Bailey's alleged conduct in violation of California Civil Code sections 2330[8], 2332-33[9], 2338-39[10], and 2343.[11] *Id.*

---

[8] Section 2330 states that "[a]n agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had been entered into on his own account, accrue to the principal." Cal. Civ. Code § 2330.
[9] Section 2332 states that "[a]s against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." Cal. Civ. Code § 2332. Section 2333 states that "[w]hen an agent exceeds his authority, his principal is bound by his authorized acts so far only as they can be plainly separated from those which are unauthorized." Cal. Civ. Code § 2333.
[10] Section 2338 states that "[u]nless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including the wrongful acts committed by such agent in and as part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal." Cal. Civ. Code § 2338.

7

### 3. State Court Proceedings

#### a. Judicial Notice

Defendants' claim preclusion argument (discussed below) is based on a prior state court action ("Case 544221") in the California Superior Court, County of San Francisco ("Superior Court"). First, Defendants ask the Court to take judicial notice of five public records in Case 544221. Therefore, the Court takes judicial notice of a number of documents, as set forth below:

1. The judgment entered in favor of Defendants in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed June 28, 2016); see also Defs.' Req. for Judicial Notice ("RJN"), Ex. 1.

2. The order granting Defendants' motion for judgment on the pleadings without leave to amend in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Apr. 26, 2016); see also RJN, Ex. 2.

3. Ms. Fordan's first amended complaint in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Dec. 11, 2015); see also RJN, Ex. 3.

4. The order sustaining Defendants' demurrer in Case 544221. No CGC-15-544221 (S.F. Super. Ct., filed Oct. 30, 2015); see also RJN, Ex. 4.

5. Ms. Fordan's original complaint in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Feb. 19, 2015); see also RJN, Ex. 5.

Federal Rule of Evidence 201(b)(2) states that courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Pursuant to Rule 201(b)(2), courts may properly take notice of public records, including documents filed in the public record in state judicial proceedings. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Courts do not, however, take

---

[11] Section 2434 states that "[o]ne who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency, in any of the following cases, and in no others: (1) [w]hen, with his consent, credit is given to him personally in a transaction; (2) [w]hen he enters into a written contract in the name of his principal, without believing, in good faith, that he has authority to do so; or (3) "[w]hen his acts are wrongful in their nature." Cal. Civ. Code § 2343.

judicial notice of the truth of facts asserted in those records, which may be subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, the Court grants Defendants' request for judicial notice in its entirety but does not take judicial notice of the specific facts contained therein.

The Court is also permitted to take judicial notice of court filings sua sponte. *See* Fed. R. Evid. 201(c)(1); *Reyn's Pasta Bella*, 442 F.3d at 746 n.6. The Register of Actions ("State Court Docket Sheet") as well as additional documents filed in Case 544221 are relevant to the present matter and fall within the ambit of Rule 201(c)(1). Those documents are as follows:

1. State Court Docket Sheet for Case 544221.

2. Declaration of Carolyn O. Tsai in lieu of reply in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Apr. 19, 2016).

3. Defendants' motion for judgment on the pleadings in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Mar. 28, 2016).

4. Defendants' memorandum in support of motion for judgment on the pleadings in Case 544221. No CGC-15-544221 (S.F. Super. Ct., filed Mar. 28, 2016).

5. Order denying Ms. Fordan's motion to strike Defendants' answer in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Mar. 14, 2016).

6. Defendants' opposition to Ms. Fordan's motion to strike Defendants' answer in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Feb. 25, 2016).

7. Ms. Fordan's motion to strike all portions, separate and inclusive, of Defendants' answer in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Feb. 8, 2016).

8. Defendants' answer to Ms. Fordan's amended complaint in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Jan. 14, 2016).

9. Defendants' reply to Ms. Fordan's opposition to demurrer in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Oct. 20, 2015).

10. Ms. Fordan's opposition to Defendants' demurrer in Case 544221. No. CGC-15-54421 (S.F. Super. Ct., filed Oct. 9, 2015).

11. Defendants' amended demurrer to Ms. Fordan's complaint in Case 544221. No. CGC-

15-544221 (S.F. Super. Ct., filed Apr. 29, 2015).

12. Defendants' amended memorandum of points and authorities in support of Defendants' demurrer to Ms. Fordan's complaint in Case 544221. No. CGC-15-544221 (S.F. Super. Ct., filed Apr. 29, 2015).

The Court takes judicial notice of all of the documents listed above pursuant to Rule 201(c)(1) of the Federal Rules of Evidence.

### b. Case 544221

Ms. Fordan initiated Case 544221 on February 19, 2015, suing the same Defendants she and her husband are suing in this case, namely SFSU, Dr. Wong, and Dr. Bailey. Based largely on the same factual allegations, Ms. Fordan's original complaint asserted three causes of action: (1) "Usurpation of Powers Vested in Law by the Legislature, State of California, to the Board of Trustees Through the Chancellor to the Presidents/Chief Executives of the California State University Campuses by Determining Who Graduates the University System," alleging that Dr. Bailey usurped the powers exclusively vested in Plaintiffs' Master's Program Thesis Committee in violation of the Donahoe Higher Education Act ("DHEA"), California Education Code sections 6600-67400; (2) "Breach of Covenant, Breach of a Fiduciary Relationship, Breach of the Graduate Thesis Advisor and Graduate Student Relationship, Breach of Performance," alleging that Dr. Bailey concealed the fact that the master's program would take seven years to complete as opposed to a period of four years or less[12]; and (3) "Violation of the Constitution of the State of California Article I Section 7(a)," alleging that Dr. Bailey denied Ms. Fordan's equal protection rights by subjecting her to certain writing standards that students in other departments at SFSU did not have to satisfy. *See* Complaint, No. CGC-15-544221 (S.F. Super. Ct., filed Feb. 19, 2015); *see also* RJN, Ex. 5.

Defendants filed a demurrer to Ms. Fordan's original complaint on April, 29, 2015,

---

[12] There is a discrepancy between Ms. Fordan's factual allegations regarding the duration of the master's program. In Case 544221, Ms. Fordan alleged that Dr. Bailey "gave [Ms. Fordan] a reliance that the Culminating experience and subsequent graduation could occur in four (4) years or less." Complaint, No. CGC-15-544221 (S.F. Super. Ct., filed Feb. 19, 2015); *see also* RJN, Ex. 5. In their Complaint in this case, Plaintiffs allege that Dr. Bailey "gave [Ms. Fordan] cause to believe the [Masters Program] duration would be two (2) to three (3) years." Complaint ¶ 182.

10

arguing that each of Ms. Fordan's causes of action "do not state facts sufficient to constitute a cause of action" under California Code of Civil Procedure section 430.10(e). *See* Demurrer, No. CGC-15-544221 (S.F. Super. Ct., filed Apr. 29, 2015). Ms. Fordan filed an opposition to Defendants' demurrer, contending that Defendants' demurrer should be denied and dismissed in its entirety. *See* Opposition to Demurrer, No. CGC-15-544221 (S.F. Super. Ct., filed Oct. 9, 2015). The Superior Court sustained Defendants' demurrer, finding that "all three claims suffer from numerous deficiencies," and gave Ms. Fordan leave to amend her complaint. *See* Order Sustaining Defendant's Demurrer, No. CGC-15-544221 (S.F. Super. Ct., filed Oct. 30, 2015); *see also* RJN, Ex. 4.

Ms. Fordan filed an amended complaint on December 11, 2015. In her amended complaint, Ms. Fordan asserted two causes of action: (1) "Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Breach of a Fiduciary Relationship; Breach of the Graduate Thesis Advisor and Graduate Student Relationship; Breach of Performance; and Violations of California Statutory Law," alleging Defendants breached their contractual relationship with Ms. Fordan in violation of DHEA as well as "through Case Law;" and (2) "Collateral Commitment of Fraud; Malicious and Willful Intent to Cause Harm and Injury; Malicious and Willful Intent to Cause Irreparable Harm and Injury; and Violations of California Statutory law," alleging that Dr. Bailey misrepresented the length of the Master's Program to be four years in duration as opposed to a period of seven years. *See* Amended Complaint, No. CGC-15-544221 (S.F. Super. Ct., filed Dec. 11, 2015); *see also* RJN, Ex. 3.

In their answer, Defendants denied the allegations in the amended complaint generally and asserted several affirmative defenses, including that (1) the amended complaint was uncertain; (2) the amended complaint failed to allege sufficient facts for a viable cause of action against any of the Defendants; (3) the amended complaint was barred for failure to comply with the Government Claims Act, Cal. Gov. Code sections 905-35; (4) the amended complaint was barred "to the extent [it] seek[s] any imputed or vicarious liability between public employees" in violation of California law; (5) the causes of action asserted in the amended complaint were barred under the doctrine of waiver; (6) Ms. Fordan's "conduct . . . estop[ped] her from asserting the claims and/or claiming

the damages alleged in the Complaint;" (7) any common law tort liability should have been diminished in proportion to the amount Ms. Fordan or others are liable; (8) the amended complaint failed to allege facts sufficient to state a claim for punitive damages under California law; (9) the causes of action asserted in the amended complaint were barred by the doctrine of unclean hands; (10) the causes of action asserted in the amended complaint were barred by the doctrine of laches; (11) Ms. Fordan failed to mitigate her damages; (12) Defendants were entitled to recover costs, including reasonable attorney's fees under the Government Claims Act because Ms. Fordan's action "was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading;" and (14) Defendants were unable to "fully anticipate all affirmative defenses that may be applicable to this answer" because Ms. Fordan's amended complaint was "couched in vague and conclusory terms." *See* Defendants' Answer to Plaintiff's Amended Complaint, No. CGC-15-544221 (S.F. Super. Ct., filed Jan. 14, 2016).

Ms. Fordan, in turn, filed a motion to strike Defendants' answer in its entirety, contending that Defendants' affirmative defenses were "illogical and fail[ed] to provide a factual counter, or defense, to [Ms. Fordan's] Allegations." *See* Motion to Strike, No. CGC-15-544221 (S.F. Super. Ct., filed Feb, 8, 2016). Defendants, in their opposition to Ms. Fordan's motion to strike, argued that the motion to strike was frivolous and should be denied in its entirety. *See* Opposition to Motion to Strike, No. CGC-15-544221 (S.F. Super. Ct., filed Feb. 25, 2016). The Superior Court denied Ms. Fordan's motion to strike Defendants' answer, finding that "[a] motion to strike is not the appropriate procedure for [Ms. Fordan's] argument that some or all of the affirmative defenses lack merit" and that Ms. Fordan's "argument that some or all of the affirmative defenses are conclusory is best addressed by [Ms. Fordan] serving discovery addressed to those defenses." *See* Order Denying Plaintiff's Motion to Strike, No. CGC-15-544221 (S.F. Super. Ct., filed Mar. 14, 2016).

Defendants filed a motion for judgment on the pleadings on March 28, 2016, asserting that the causes of action in Ms. Fordan's amended complaint did not state sufficient facts to constitute viable causes of action under California Code of Civil Procedure section 438. *See* Motion for

Judgment on the Pleadings, No. CGC-15-544221 (S.F. Super. Ct, filed Mar. 28, 2016). In their

motion, Defendants argued that Ms. Fordan "fail[ed] to present any legal theory" under which

Defendants could be held liable. *Id.* Defendants further contended that Ms. Fordan's causes of

action in the amended complaint were barred under the doctrine of educational malfeasance as

well as for failure to comply with the Government Claims Act. *Id.* Additionally, Defendants

argued that specific causes of action in the amended complaint failed for a variety of reasons,

including: (1) with respect to the breach of contract cause of action, the contract did not contain

terms "entitling a student to a master's degree regardless of academic performance;" (2)

concerning the breach of fiduciary relationship cause of action, "no fiduciary relationship existed"

between Ms. Fordan and Dr. Bailey; and (3) with respect to the fraud cause of action, Ms. Fordan

"fail[ed] to satisfy the element of scienter and any statements made in 2010 that induced Ms.

Fordan to believe she would graduate in less than four years were non-actionable opinions about

future events." *Id.*

Ms. Fordan did not file an opposition to Defendants' motion for judgment on the

pleadings. The Superior Court granted the Defendants' motion for judgment, dismissing all of

Ms. Fordan's causes of action without leave to amend. The Superior Court noted that "[n]o

opposition was filed" and that "[t]he tentative ruling was not contested and is adopted as the final

order." *See* Order Granting Defendants' Motion for Judgment on the Pleadings, No. CGC-15-

544221 (S.F. Super. Ct., filed Apr. 26, 2016); *see also* RJN, Ex. 2. The Superior Court entered

judgment in favor of Defendants on June 28, 2016. *See* Entry of Judgment, No. CGC-15-544221

(S.F. Super. Ct., filed June 28, 2016); *see also* RJN, Ex. 1.

**B.    Motion to Dismiss**

In the Motion, Defendants assert that all of Plaintiffs' claims should be dismissed because:

(1) they are barred under the doctrine of claim preclusion; (2) they are untimely; and (3) Plaintiffs

have not sufficiently pled their claims under 42 U.S.C. § 1983. Motion at 2. With respect to

claim preclusion, Defendants contend that all of the requirements of that doctrine are satisfied

because: (1) Ms. Fordan asserted the same claims in Case 544221 as Plaintiffs assert in this case;

(2) Ms. Fordan is in privity with Mr. Fordan, and therefore the parties in both actions are the same;

and (3) the prior judgment in Case 544221 constitutes a final judgment on the merits. *Id.* at 4. In support of their assertion that Plaintiffs have raised identical claims in this case as Ms. Fordan raised in Case 544221, Defendants contend both actions "arise from the same alleged invasion of Plaintiffs' rights, most fundamentally the alleged right to receive a master's degree within three years." *Id.* at 6. Defendants argue that Ms. Fordan is in privity with Mr. Fordan because Plaintiffs' allegations relating to Mr. Fordan "do not constitute claims against Defendants separate and apart from Ms. Fordan's." *Id.* at 6. Instead, the injury alleged as to Mr. Fordan results from the financial impact Defendants' conduct could have on the Fordans' mutual property. According to Defendants, this is, "exactly the type of 'mutual or successive relationship' and common 'interest' required to establish privity." *Id.*, quoting *Citizens for Open Access and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1069 (1998). In a footnote, Defendants also argue that Mr. Fordan fails to meet the requirements for standing. Defendants assert that the judgment in Case 54421 constitutes a final judgment on the merits because "a ruling on the pleadings constitutes a final judgment on the merits." *Id.* at 7. Defendants note that their motion for judgment on the pleadings was filed after the court had sustained a demurrer and given Ms. Fordan leave to amend. After Ms. Fordan amended her complaint, Defendants filed their motion for judgment on the pleadings, and "Ms. Fordan failed to oppose the motion or contest the tentative ruling." *Id.*

Regarding timeliness, Defendants contend that the relevant statute of limitations for any claims Plaintiffs may be attempting to assert does not exceed three years and Plaintiffs' claims are therefore barred because the action was filed more than three years after Ms. Fordan "quit the master's program at SFSU." *Id.* at 7-8. Defendants contend that "Plaintiffs' claims accrued no later than October 6, 2013," which is the date that Plaintiffs allege Dr. Bailey "rejected Ms. Fordan's Final Draft Thesis." *Id.* at 8. Defendants argue that, by "relying exclusively on the allegations of the Complaint, Defendants' allegedly tortious acts culminated in the constructive 'rejection' of Ms. Fordan's thesis on October 6, 2013." *Id.* Defendants contend that because Plaintiffs are pursuing § 1983 claims, the applicable statute of limitations is borrowed from California state law and that all of the statutes of limitations that might apply are three years or less. In particular, California statutes of limitations allow: (1) two years for a plaintiff to file a

civil rights claim pursuant to California Civil Code sections 51, 51.7, and 52.1; (2) two years to file "most common law torts, including personal injury, wrongful death, assault, battery, intentional or negligent infliction of emotional distress, wrongful act, or negligence" under California Code of Civil Procedure section 335.1; and (3) three years for a plaintiff to file a claim for fraud, "including a breach of fiduciary duty claim where the gravamen of the claim is deceit," pursuant to California Code of Civil Procedure section 338. *Id.* Defendants assert that because the alleged tortious acts occurred no later than October 6, 2013, and the applicable statutes of limitations all accrue within a time frame of three years or less, Plaintiffs' Complaint filed on May 23, 2017 is untimely. *Id.*

Finally, Defendants contend that Plaintiffs failed to plead any viable claims under 42 U.S.C. § 1983 against both SFSU and Wong because: (1) SFSU is not a "person" under the meaning of 42 U.S.C. § 1983; and (2) Plaintiffs' claims against SFSU and Wong are insufficient because they are based on a theory of respondeat superior liability. *Id.* at 9.

### 1. Plaintiffs' Opposition to Defendants' Motion

In Plaintiffs' Opposition, they assert that their claims are not barred by the prior state court action because the causes of action asserted in Case 544221 are not identical to the claims asserted in this action. *See* Opp'n to Defs.' Motion, dkt. no 17. They further assert that Plaintiffs are not in privity with each other and thus do not constitute the same parties for the purposes of both actions. Additionally, Plaintiffs contend that the "legal concepts behind 'privity'" are inapplicable to the present action. *Id.* at 7. Regarding whether the entry of judgment in Case 544221 constitutes a final judgment on the merits, Plaintiffs contend, "In State Court, in response to Defendants' MOTION FOR JUDGMENT ON THE PLEADINGS, Plaintiff, erroneously, filed a MOTION TO STRIKE, instead of an OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT." *Id.* at 10.

Plaintiffs contend they have stated viable claims against SFSU and Dr. Wong under 42 U.S.C. § 1983. With respect to SFSU, Plaintiffs argue that SFSU is subject to a 42 U.S.C. § 1983 claim because "[i]n being a signatory to a lawful loan Agreeement . . . Defendant SFSU . . . agreed to recognize, obey and comply with <u>ALL</u> federal laws," including 42 U.S.C. § 1983. *Id.* at 9.

With respect to Dr. Wong, Plaintiffs assert that Dr. Wong "derives his liability from any omision in his duties to protect" Ms. Fordan from injury. *Id.* at 9.

Lastly, Plaintiffs assert that their claims are timely. Plaintiffs contend that "Defendants' selection of October 6, 2013 [as the date Plaintiffs' claims accrued] is artificial, arbitrary and capricious." *Id.* at 7. Plaintiffs assert that Ms. Fordan was enrolled at SFSU until May 31, 2014. Plaintiffs argue that "there is no single, one viable date" to determine whether the relevant statute of limitations has run in a "continuous educational process involving" the United States Department of Education. *Id.* at 8. Plaintiffs assert that "no date can be accurately and precisely calculated" because of Bailey's alleged deceitful conduct. *Id.*

### 2. Defendants' Reply

In their Reply, Defendants contend that "Plaintiffs' [O]pposition does nothing to refute the fact that Plaintiffs' claims exceed the applicable statute of limitations and that the Complaint lacks allegations demonstrating any viable 42 U.S.C. § 1983 claim" against SFSU and Dr. Wong. *See* Defs.' Rep., dkt. no. 18 at 2. Defendants reiterate that: (1) Plaintiffs' claims are barred under the doctrine of claim preclusion; (2) Plaintiffs' claims are untimely; and (3) Plaintiffs fail to plead any viable claims pursuant to 42 U.S.C. § 1983. *Id.* at 2-8. Defendants argue that Plaintiffs' claims are barred under the doctrine of claim preclusion because Plaintiffs have asserted: (1) the same claims; (2) against the same parties; after (3) a final judgment on the merits in Case 544221. In support of their contention that Plaintiffs' claims are untimely, Defendants argue that "[a]n action for fraud accrues from the date the plaintiff knew or should have known the statements were false and an action for discrimination accrues from the date upon which the alleged discriminatory practice or action occurred." *Id.* Defendants further argue that because "Plaintiffs explicitly allege that because [Dr. Bailey] libelously rejected Ms. Fordan's Final Draft Thesis on October 6, 2013, and made a multitude of deceitful statements in the months and years leading up to that date," any of Defendants' alleged tortious acts "culminated in the constructive 'rejection' of Ms. Fordan's Masters Thesis on October 6, 2013." *Id.* at 5-6. Accordingly, Defendants assert that Plaintiffs' claims are untimely because Plaintiffs filed the present action more than three years later on May 23, 2017. *Id.* at 6. Lastly, Defendants contend that Plaintiffs failed to adequately

address "the simple fact that claims based on respondeat superior liability do not suffice to establish liability on [§] 1983 jurisprudence." *Id.* at 6. Defendants further contend that Plaintiffs' "allegations lack the facts necessary to demonstrate a viable theory of liability" against SFSU and Dr. Wong. *Id.* at 7.

## III. ANALYSIS

### A. Legal Standard under Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In a ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994)). Dismissal may be based on a lack of cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). A plaintiff need not plead a prima facie case in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); *see also Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (reaffirming the holding of *Swierkiewicz* in light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint must however "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will

not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

**B.    Legal Standards Under 42 U.S.C. § 1983**

Section 1983 provides that "[e]very person who, under color of any state statute" deprives a U.S. citizen or person within the jurisdiction of the United States of "any rights, privileges, or immunities secured by the Constitution and laws" is "liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved," including claims under 42 U.S.C. § 1983. *Balistreri*, 901 F.2d at 699 (constuing pro se pleadings for a complaint under 42 U.S.C. § 1983 liberally). A plaintiff bringing a claim under § 1983 must show that: "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones*, 297 F.3d at 934 (citation omitted). Additionally, "[i]n order for a person acting under the color of state law to be liable under [§] 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under [§] 1983." *Id.*

The Supreme Court has held that neither states nor state officials acting in their official capacities are persons acting under color of state law pursuant to 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). With respect to state officials, the Supreme Court has also held that: (1) "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983;" (2) the Eleventh Amendment does not bar suits against state officials in their individual capacities; and (3) state officers are not "absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31

(1991).

## C. Claim Preclusion

In federal court, prior judgments by both state and federal courts may be given preclusive effect under the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion). With respect to state court judgments, this doctrine is embodied in federal law, which specifically requires "all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980) (citing 28 U.S.C. § 1738 (1976)). In *Allen v. McCurry*, the Supreme Court explained that the related doctrines of res judicata and collateral estoppel were developed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* at 94. In addition, where preclusive effect is given to state-court judgments, application of the doctrines promotes "the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 96 (citation omitted).

Because the prior judgment in this case was entered by a California state court, California claim preclusion law governs whether Plaintiffs' claims in this action are precluded on the basis of the prior judgment. *See Furnace v. Giurbino*, 838 F.3d 1019, 1023-24 (9th Cir. 2016). Under California law, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit." *Id.* at 1023 (citing *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 818 (2015)). Additionally, the Ninth Circuit has routinely held that a state court judgment can give rise to claim preclusion as to federal claims, including claims under 42 U.S.C. § 1983. *See, e.g., Takahashi v. Bd. of Tr. of Livingston Sch. Dist.*, 783 F.2d 848 (9th Cir. 1986) (holding that plaintiff's prior state law action barred a subsequent federal action under 42 U.S.C. § 1983 because both actions were based on the invasion of the same primary right, namely plaintiff's contractual right to employment); *see also Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781 (9th Cir. 1986) (holding that plaintiff's 42 U.S.C. § 1983 claim was barred by a prior state court action because both actions concerned the invasion of the same primary right to be free of interference with respect to

19

his employment and, even though plaintiff did not raise his § 1983 claim in the state court action, the doctrine of claim preclusion still applied because plaintiff's § 1983 claim could have been brought as part of his state court action).

### 1. Same Cause of Action

California courts apply the primary rights theory to determine whether two causes of action are identical for the purposes of claim preclusion. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797-98 (2010). The California Supreme Court has explained:

> Under [the primary rights] theory, a cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and the duty by the person on whom the duty rests. Of these elements, the primary right and the duty and the delict or wrong combined constitute the cause of action in the legal sense of the term.

*Id.* (quoting *McKee v. Dodd*, 152 Cal. 637, 641 (1908)) (ellipses, brackets, and internal quotation marks omitted). Furthermore, "the phrase 'cause of action' has a . . . precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id.* at 798 (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 860 (1993)). Thus, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief," meaning "a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." *Id.* at 798 (emphasis in original).

As discussed above, Plaintiffs assert three claims under 42 U.S.C. § 1983 based on different underlying violations. Plaintiffs' first claim is based on the theory that Defendants deceived Ms. Fordan by leading her to believe she could complete the requirements for a master's degree at SFSU within a period of two to three years, when, in fact, the program was a seven year program, and she was harmed as a result because she was unable to finish her studies during the four years she pursued a master's degree at SFSU. Complaint ¶¶ 163-94.[13] Similarly, in Case

---

[13] Plaintiffs' first § 1983 claim is not cognizable because it is based exclusively on violations of California law. *See Jones*, 297 F.3d at 934 (holding that a viable claim under 42 U.S.C. § 1983

544221, Ms. Fordan alleged that Dr. Bailey engaged in deceitful and fraudulent conduct regarding the length of the master's program at SFSU, that she was unable to finish the master's program within the four-year period she was enrolled at SFSU, and that she was harmed as a result of Dr. Bailey's alleged actions. *See* Amended Complaint, No. CGC-15-544221 (S.F. Super. Ct., filed Dec. 11, 2015). Indeed, in fashioning their first claim in the instant action, Plaintiffs have used language that is nearly identical to the language Ms. Fordan used in her second cause of action in Case 544221. In the present action, Plaintiffs allege:

> Defendant gave [Ms. Fordan] cause to believe the MA Program would be two (2) to three (3) years, when, in reality, Defendant's 'state of mind', statements, acts/actions, or omissions were that Plaintiff was required to attend the Masters Program for a length of seven (7) years. Using deceit of concealment, Defendant gave [Ms. Fordan] false hope and cause to [Ms. Fordan] that with persistence, hard work and perserverance, continuous writes and re-writes, and by following Defendant's 'comments', [Ms. Fordan] could meet an April, 2013, then, followed by an October, 2013, MA Program completion date and graduation.

Complaint ¶¶ 182-83. Likewise, in Case 544221, Ms. Fordan alleged:

> Defendant gave [Ms. Fordan] cause to believe the MA Program would be four (4) years, or less, when, in reality, Defendant's 'state-of-mind', acts/actions, statements, or omissions were that [Ms. Fordan] was required to attend the Masters Program, continuously, for three and one-half (3 1/2) more years, for a total MA Program of seven (7) years. Using deceit, Defendant gave [Ms. Fordan] false hope and cause to [Ms. Fordan] that with persistence, hard work and perserverance, continuous writes and re-writes, and by following Defendant's 'comments', [Ms. Fordan] would meet a May, 2013 MA Program and graduation.

Amended Complaint, No CGC-15-544221 (S.F. Super. Ct., filed Dec. 11, 2015).

Additionally, in Case 544221, Ms. Fordan asserted that Dr. Bailey's fradulent conduct went "to the very heart of [her] lawsuit." *See* Opposition to Demurrer, No. CGC-15-544221 (S.F. Super. Ct., filed Oct. 9, 2015), at 4. Similarly, in the present action, Plaintiffs assert that Dr. Bailey's alleged "deceit is at the heart of this Lawsuit." Opp'n to Defs.' Mot., dkt. no 17, at 2.

must based on a "deprivation of a constitutional right or federal statutory right"). The Court further notes that even if the alleged violations of these California Civil Code provisions were asserted as free-standing state law claims, the Court would reach the same conclusion, namely, that the claims are based on the same primary right as was at issue in the state action.

Therefore, the Court concludes that Ms. Fordan's second cause of action in Case 544221 and Plaintiffs' first claim in the present action both assert the same primary right, namely the right to be free of harms associated with Dr. Bailey's alleged deceitful or fraudulent conduct. The fact that Plaintiffs' claim in this action is asserted under 42 U.S.C. § 1983, while Ms. Fordan's claim in Case 544221 was brought under California law, is of no import because "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Boeken*, 48 Cal. 4th at 798 (emphasis in original). Therefore, Plaintiffs' first claim under 42 U.S.C. § 1983 meets the "identical claim" requirement of the three-part claim preclusion test under California law.

In their second claim, Plaintiffs assert a violation of 42 U.S.C. § 1983 based on violations of the Commerce Clause, alleging that Dr. Bailey interfered with and altered the terms of the Loan from a period of two to three years to seven years. Complaint ¶¶ 195-202. The Commerce Clause provides that "Congress shall have Power . . . [t]o regulate Commerce with foreign Nations, and among the several States." U.S. CONST. art. I, § 8, cl. 3. Plaintiffs' theory appears to be related to Defendants' conduct preventing Ms. Fordan from obtaining a master's degree within the two to three year time period she had a federally administered loan to cover her tuitition expenses.[14] Plaintiffs seek to recover $141,000.00, which they assert is the amount of the principal and accrued interest of the Loan. *Id.* at 48. While Ms. Fordan did not rely on the Commerce Clause as a legal ground for relief in Case 544221, she did seek to recover her "tuition costs through Federally-insured Student Loans amounting . . . to . . . $140,000" based on different legal theories under California law. As part of her first cause of action in Case 544221, Ms. Fordan sought to recover her tuition costs by asserting that SFSU breached a contract for failure to grant a master's degree as well as by asserting that Dr. Bailey breached his fiduciary duty to her by rejecting her

---

[14] Plaintiffs' second § 1983 claim for violations of the Commerce Clause is not cognizable because the Commerce Clause does not create individual rights. *See Int'l Org. of Masters, Mates & Pilots v. Andrews*, 831 F.2d 843, 847 (9th Cir. 1987) ("The purpose of the Commerce Clause is allocation of power between state and national governments, not protection of individuals from abuse of government authority. The Commerce Clause creates no individual rights. Other clauses of the Constitution, such as the Due Process and Equal Protection Clauses, protect persons and are appropriate vehicles for vindication of individual rights.") (citations omitted).

master's thesis.  *See* Amended Complaint, No. CGC-15-544221, (S.F. Super. Ct., filed Dec. 11, 2015).  Again, though Ms. Fordan relied on different legal grounds for relief in Case 544221 than the theory Plaintiffs utilize in the present action, Ms. Fordan's earlier attempt to recover her tuition and Loan costs involved the same primary right as Plaintiff's present claim under the Commerce Clause, namely, the right to be free from financial harms resulting from Defendants' alleged conduct preventing her from receiving a master's degree within two to three years.  Therefore, the Court finds that Plaintiffs' second § 1983 claim is identical to Ms. Fordan's first cause of action in Case 544221 for claim preclusion purposes.

Plaintiffs' third claim under 42 U.S.C. § 1983 is based on violations of the Fifth and Fourteenth Amendments to the Constitution as well as provisions of and regulations to the Higher Education Act.[15]  The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend. V.  The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV. § 1.  Plaintiffs argue that Dr. Bailey's alleged conduct set Ms. Fordan apart from other students receiving federally administered loans at SFSU and other

---

[15] "Congress passed the Higher Education Act of 1965 ("HEA") to 'keep the college door open to all students of ability,' regardless of socioeconomic background."  *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1030 (9th Cir. 2008) (quoting *Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1162-63 (N.D. Ala. 1999)); *see also* 20 U.S.C. § 1070(a).  "'Under the HEA, eligible lenders make guaranteed loans on favorable terms to students or parents to help finance student education.  The loans are typically guaranteed by guaranty agencies' and are ultimately insured by the [Department of Education]."  *Id.* (citing *Pelfrey*, 71 F. Supp. 2d at 1163).  The Ninth Circuit has held that "[t]here is no express right of action under the HEA except for suits brought by or against the Secretary of Education."  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing 20 U.S.C. § 1082(a)(2).  Other courts have routinely held that the Higher Education Act does not contain an express or implied private right of action.  *See, e.g., L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992) ("The express language of the Higher Education Act, and the regulations promulgated thereunder, does not create a private cause of action, and there is nothing in the Act's language, structure, or legislative history from which a congressional intent to provide such a remedy can be implied.  No provision provides for student enforcement or entitlement to civil damages."); *see also McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) ("It is important to note at the outset that nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the [Higher Education Act's] provisions.").  Nor has the Court found any authority that suggests that a civil rights claim under 42 U.S.C. § 1983 may be asserted on the basis of a violation the Higher Education Act.

academic institutions across the country in that the length of her master's program was seven years, while other loan recipients were in programs that took two to three years to complete.[16] Complaint ¶ 204. Similarly, as part of the second cause of action in Case 544221, Ms. Fordan argued that "[t]o [her] knowledge, at all times relevant, NO Graduate Student, concurrently attending the Anthropology Masters Program, NOR, for that matter, was ANY OTHER Graduate Student, in any other Department at Defendant SFSU, being required to be a continuously registered Graduate Student for a seven (7) year Masters Degree Program." *See* Amended Complaint, No CGC-15-544221, (S.F. Super. Ct., filed Dec. 11, 2015). Ms. Fordan's first cause of action in Case 544221 and Plaintiffs' third claim in the present action seek relief for the same primary right in that they are both concerned with the fact that Ms. Fordan was unable to obtain a master's degree within a two to three year period, allegedly due to Defendants' wrongful conduct, while other students who obtained similar, federally administered loans were able so to do. Therefore, the Court concludes that the identical claim requirement is satisfied as to this claim as well.

### 2. Same Parties

Under California law, "claim preclusion applies only to the relitigation of the same cause of action between the same parties or those in privity with them." *DKN Holdings*, 61 Cal. 4th at 825. Ms. Fordan, as the plaintiff in Case 544221, constitutes a proper party against whom the doctrine can be asserted. Likewise, Dr. Bailey, SFSU, and Dr. Wong were all named defendants in Case 544221 and are entitled to assert the doctrine against Ms. Fordan. The only remaining question is whether Mr. Fordan satisfies this element of the test by virtue of being in privity with Ms. Fordan. The Court finds that he does.

In *DKN Holdings*, the California Supreme Court explained the requirements for privity as follows:

---

[16] Plaintiffs' third § 1983 claim is also not cognizable because Plaintiffs have failed to show that Ms. Fordan was a member of a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.") (citations omitted).

> As applied to questions of preclusion, privity requires the sharing of "an identity or community of interest," with "adequate representation of that interest in the first suit, and circumstances such that the nonparty "should reasonably have expected to be bound" by the first suit. A nonparty alleged to be in privity must have an interest so similar to the party's interest that the party acted as the nonparty's "virtual representative" in the first action.

*Id.* at 826 (citations omitted, quotation marks altered). In their Complaint, Plaintiffs allege that Mr. Fordan's "personal and family income" was "requested and utilized in all Loan-related matters" so as to "determine [Ms. Fordan's] final monthly repayment plan." Complaint ¶ 14. Plaintiffs further allege that "[t]he result of this procedure . . elevated [Ms. Fordan's] final monthly repayment amount" and "should [Mr. Fordan] be in default on the Loan, [Mr. Fordan] would be at financial risk for [Ms. Fordan's] repayment of said Loan." *Id.* These allegations are sufficient to show "an identity or community of interest" under *DKN Holdings* because the harm alleged as to Mr. Fordan is entirely derivative of Ms. Fordan's alleged harm. 61 Cal. 4th at 826 (citations omitted, quotation marks altered). Furthermore, Plaintiffs fail to allege any facts that suggest Mr. Fordan suffered an injury that is independent of the injury allegedly suffered by Ms. Fordan. Consequently, Mr. Fordan is in privity with Ms. Fordan.

### 3. Final Judgment on the Merits

As discussed above, the Superior Court granted the Defendants' motion for judgment on the pleadings in Case 544221 without leave to amend. *See* Order Granting Judgment on the Pleadings, No. CGC-15-544221 (S.F. Super. Ct., filed Apr. 26, 2016); *see also* RJN, Ex. 2. The Superior Court entered judgment in favor of Defendants on June 28, 2016. *See* Entry of Judgment, No. CGC-15-544221 (S.F. Super. Ct., filed June 28, 2016); *see also* RJN, Ex. 1. Therefore, the Court must address whether the Superior Court's judgment constitutes a final judgment on the merits for the purposes of claim preclusion.

Under California law, "a final judgment, rendered upon the merits by a court having jurisdiction of the cause, is conclusive of the rights of the parties and those in privity with them, and is a complete bar to a new suit between them on the same cause of action." *Goddard v. Sec. Title Ins. & Guar. Co.*, 14 Cal. 2d 47, 51 (1939). The Ninth Circuit has held that under California

law, a judgment on the pleadings, "rendered on substantive grounds, bars the plaintiff from bringing a subsequent proceeding on the same facts against the same parties." *Morris v. Tehama Cnty.*, 795 F.2d 791, 794 (9th Cir. 1986) (citations omitted); *see also Goddard*, 14 Cal. 2d at 52 ("A judgment given after the sustaining of a general demurrer on a ground of substance . . . may be deemed a judgment on the merits, and conclusive in a subsequent suit.").

In their motion for judgment on the pleadings in Case 544221, Defendants challenged Ms. Fordan's claims on substantive grounds, asserting that she failed "to state facts sufficient to constitute a cause of action," in addition to contending that she "present[ed] no legal theory entitling her to damages for an alleged failure to award her a master's degree." *See* Motion for Judgment on the Pleadings, No. CGC-15-544221 (S.F. Super. Ct., filed Mar. 28, 2016). The Superior Court granted the Defendants' motion without granting leave to amend after "having read the motion and memoranda filed by the parties," though the Superior Court noted that "[n]o opposition was filed." No. CGC-15-544221 (S.F. Super. Ct., Apr. 26, 2016). The fact that Ms. Fordan failed to file an opposition does not alter the Court's finding that the entry of judgment in Case 54421 constitutes a final judgment on the merits. The Court has found no case law suggesting that failure to oppose a motion for judgment on the pleadings would result in the entry of a judgment that should not be accorded preclusive effect. Accordingly, the Court finds that the Superior Court's entry of judgment in Case 544221 is a final judgment on the merits for claim preclusion purposes. *See Morris*, 795 F.2d at 794 (finding it was proper for the federal district court to accord preclusive effect to a state court judgment rendered on the pleadings).

Because all three requirements for a finding of claim preclusion have been met, the Court finds that Plaintiffs' claims are barred by the doctrine of claim preclusion.

### D. Statute of Limitations

The language of 42 U.S.C. § 1983 does not contain a specific statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985), *superseded by statute on other grounds*, 28 U.S.C. § 1658, *as recognized in Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 377-83 (2004). The Ninth Circuit has held that "[t]he applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions."

*Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) (citing *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001)). In their pleadings, the parties in the present action have focused on California's three-year statute of limitations for fraud claims under section 338 of the California Code of Civil Procedure. The Supreme Court has held, however, that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249 (1989). Under California law, the general statute of limitations for personal injury actions is two years. Cal. Civ. Proc. § 335.1; *see also Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying the two-year statute of limitations codified at California Code of Civil Procedure section 335.1 to a claim under 42 U.S.C. § 1983).

Additionally, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by state law" but by "federal rules conforming in general to common-law tort principles." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original, citations omitted). The Ninth Circuit has held that "[a] claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). The parties dispute the precise date on which Plaintiffs knew or should have known about their injuries. Defendants argue that October 6, 2013 (when Dr. Bailey rejected Ms. Fordan's master's thesis for the last time) is the proper date, while Plaintiffs contend that their claim should not accrue until Ms. Fordan's enrollment at SFSU concluded on May 31, 2014. Motion at 8; Complaint ¶ 13. Even assuming Plaintiffs' proposed date of May 31, 2014, Plaintiffs' claims under 42 U.S.C. § 1983 are untimely because they are based on conduct that occurred at SFSU more than two years prior to the date on which Plaintiffs filed their Complaint, namely, May 23, 2017.

**E.    Viability of Claims Under 42 U.S.C. § 1983 Against SFSU and Wong**

    **1.  SFSU**

In order to prevail on a claim under 42 U.S.C. § 1983 action, a plaintiff must demonstrate: "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the

Constitution or laws of the United States." *Pistor v. Garcia*, 791 F. 3d 1104, 1114 (9th Cir. 2015)

(quoting *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989). As discussed above, the Supreme

Court has held that states acting in their official capacities are not "persons" under § 1983. *Will*,

491 U.S. at 71 (1989). Furthermore, the Ninth Circuit has held that the California State University

system, of which SFSU is a part, is a "dependent instrumentalit[y] of the state" and therefore not a

"person" within the meaning of § 1983. *Jackson v. Hayakawa*, 682 F.2d 1344, 1349-50 (9th Cir.

1982) (citations omitted). Additionally, as discussed above, there is no respondeat superior

liability for claims under 42 U.S.C. § 1983. *Jones*, 297 F.3d at 934. The Court thus finds that

Plaintiffs' § 1983 claims against SFSU fail on these grounds.

### 2. Dr. Wong

For the same reasons discussed above, Plaintiffs' 42 U.S.C. § 1983 allegations against Dr.

Wong based on a respondeat superior theory of liability are without merit, however, their

allegations that Dr. Wong is liable under 42 U.S.C. § 1983 for his role as a supervisor might be

viable with additional factual support. Plaintiffs allege that Dr. Wong, "with respect to the

operations of Defendant SFSU, is responsible for oversight and for seeing that Defendant SFSU's

Faculty and Staff employees comply with all Laws of the State of California and of the United

States and Conduct themselves lawfully, with respect to their official capacities on campus."

Complaint ¶ 230. The Ninth Circuit has set forth three ways in which an official can be liable

under § 1983 as a supervisor: (1)"for his own culpable action or inaction in the training,

supervision, or control of his subordinates;" (2) "for his 'acquiesce[nce] in the constitutional

deprivations of which [the] complaint is made;" or (3) "for conduct that showed a 'reckless or

callous indifference to the rights of others.'" *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th

Cir. 1991) (citations omitted). Plaintiffs' assertion that Dr. Wong is responsible for the oversight

of SFSU's faculty and staff seems to suggest that Plaintiffs believe that Dr. Wong is somehow

culpable for his action or inaction with respect to his supervision or control of Bailey in

accordance with the first possible way in which plaintiffs can impose supervisory liability under §

1983. In order for Dr. Wong to be held liable as a supervisor, however, he must have been

personally involved or breached a duty to Plaintiffs that was the proximate cause of their alleged

injuries.  *Starr*, 652 F.3d at (9th Cir. 2011) (citations omitted).  In their Complaint, Plaintiffs have not included any specific facts as to Dr. Wong's involvement in their alleged civil rights violations.[17]  Therefore, Plaintiffs have failed to allege Dr. Wong's liability in his role as a supervisor under 42 U.S.C. § 1983.

## IV.    CONCLUSION

For the reasons stated above, Defendants' Motion is GRANTED.  The doctrine of claim preclusion bars all of Plaintiffs' claims as to all Defendants.  Plaintiffs' claims are also barred on the basis that they are untimely.  As to SFSU, the Motion to Dismiss is GRANTED because SFSU is a dependent instrumentality of the state and is therefore not a person acting under the color of state law under 42 U.S.C. § 1983.  As to Dr. Wong, the Motion is GRANTED on the additional ground that Plaintiffs failed to establish his liability under 42 U.S.C. § 1983 for his role as a supervisor.  Because Plaintiffs' claims are barred under the doctrine of claim preclusion as to all Defendants, and that deficiency cannot be remedied by amendments, the Court dismisses Plaintiffs' Complaint without leave to amend.  *See Saul v. United States*, 928 F.2d 829, 848 (9th Cir. 1991) (holding that "[a] district court does not err in denying leave where the amendment would be futile").  The case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 9, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[17] Plaintiffs also stipulated at oral argument that they were not alleging any specific facts for Dr. Wong's direct involvement in the alleged deprivation of their civil rights.

29